IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ASHLEY LITTLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 09-2173-STA-cgc |
| | ) |
| SHELBY COUNTY GOVERNMENT | ) |
| and MEMPHIS AND SHELBY | ) |
| COUNTY JUVENILE COURT, | ) |
| | ) |
|     Defendants. | ) |

---

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
---

Before the Court is Defendants' Motion to Dismiss (D.E. # 4) filed on July 1, 2009. Plaintiff's response to the Motion was due on or before August 3, 2009. To date Plaintiff has not filed a response. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff alleges a cause of action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 1985. Compl. ¶5. On or about November 15, 2007, the Plaintiff and her mother were involved in a dispute with the Memphis Police Department ("MPD"). *Id*. at ¶ 7. Plaintiff was charged with "Disorderly Conduct." *Id*. Upon her arrest, Plaintiff was taken to the Memphis and Shelby County Juvenile Court Detention Center ("Juvenile Court"). *Id*. at ¶ 8. Upon being booked into Juvenile Court, the child became subject to the care and custody of Shelby County. *Id*.

While in the custody of the Juvenile Court, Plaintiff was sexually harassed.  *Id*. at ¶ 9. Staff at the facility made comments about her breasts and told her to reveal her breasts to them. *Id*.  Likewise, they made other comments of a sexual nature to the minor child.  *Id*.  The supervisory staff at the Juvenile Court witnessed the inappropriate and assaultive behavior, yet took no steps to stop it.  *Id*. at ¶ 10.  Plaintiff was subjected to this treatment by the Juvenile Court employees for hours, causing severe emotional distress.  *Id*.  Being in the care and custody of Defendants, Defendants owed the child an affirmative duty to keep her free from peril.  *Id*. at ¶ 11.  Likewise, Defendants owed an affirmative duty to the Plaintiff to ensure that none of her constitutional rights were violated while in their care and custody.  *Id*.  Defendants breached this duty by subjecting the child to sexual battery, sexual harassment, and the infliction of emotional distress.  *Id*.

Defendants placed the Plaintiff in a hostile environment and failed to stop the offensive conduct when it came to their attention.  *Id*. at ¶ 12.  Accordingly, Defendants violated the Plaintiff's right to be free from unreasonable search and seizure, cruel and unusual punishment, and the right to equal protection under the law as set forth in the 4th, 8th, and 14th Amendments to the United States Constitution.  *Id*.  Likewise, the actions of the Defendants by and through their servants, agents, and employees, violated the civil rights of Plaintiff as set forth in 42 U.S.C. § 1983, wherein the Defendants deprived Plaintiff of her constitutional rights.  *Id*. at ¶ 13. In light of the fact that the agents, servants, and employees of Defendants acted in concert and complicity with each other, the alleged constitutional violations abridged the child's civil rights as set forth in 42 U.S.C. § 1985.  *Id*. at ¶ 14.

It is the practice and custom of Defendants to ignore the complaints of sexual harassment

by young female detainees. *Id*. at ¶ 15.  In fact, Plaintiff alleges that there have been others who have complained of similar behavior, yet Defendants have never taken remedial action. *Id*. Defendants failed to screen its employees that maintain the care and custody of minor female detainees. *Id*. at ¶ 16.  The failure to properly screen their employees constitutes negligent hiring. *Id*.  As result of the practice and custom of allowing female detainees to remain in hostile environments and the practice of negligent hiring, vicarious liability is attached to the Defendant governmental entities. *Id*. at ¶ 17.

Plaintiff alleges that she suffers from severe emotional distress as a result of her treatment at Juvenile Court. *Id*. at ¶ 18.  Plaintiff experiences crying spells, sleeplessness, and other emotional disturbances. *Id*.  Plaintiff requires professional psychotherapy and ongoing counseling. *Id*. at ¶ 19.

In the Motion before the Court, Defendants argue that the Court should dismiss Plaintiff's Complaint on grounds of *res judicata*.  Defendants cite a previous civil case filed by Tameka Little, the mother of Plaintiff, in this Court against the same defendants on July 28, 2008, *Tameka Little, on behalf of her minor daughter Ashley Little v. Shelby County Government and Memphis and Shelby County Juvenile Court*, case 2:08-cv-2483-BBD-dkv ("08-2483").  The 08-2483 complaint included identical allegations to those stated in the case at bar.  On August 25, 2008, the 08-2483 defendants moved to dismiss the complaint because Ashley Little was no longer a minor and as a result Tameka Little was not the real party in interest.  The 08-2483 plaintiff did not respond to defendants' motion to dismiss until January 14, 2009, and then only after the Court ordered plaintiff to show cause as to why it had not responded.  United States District Judge Bernice B. Donald found that Ashley Little was no longer a minor as of the date

3

the 08-2483 complaint was filed, and so Tameka Little was no longer the real party in interest. However, the Court denied defendants' motion to dismiss and granted plaintiff an opportunity to amend her complaint. After scolding plaintiff's counsel about previous failures to meet deadlines, Judge Donald warned that "Plaintiff *must* file an amended complaint within fifteen (15) days of this order."

After plaintiff failed to amend in 08-2483, Judge Donald held a status conference on February 17, 2009, at which counsel for plaintiff failed to appear. Consequently, Judge Donald granted the 08-2483 defendants' oral motion to dismiss for lack of prosecution and entered a written order to the same effect. Judgment was entered in 08-2483 on February 18, 2009. An appeal was not taken.

Defendants in the case at bar now argue that the Court should dismiss Plaintiff's Complaint as *res judicata*. Defendants cite Fed. R. Civ. P. 41(b) on involuntary dismissal for the proposition that a dismissal for lack of prosecution operates as an adjudication on the merits. Therefore, the doctrine of *res judicata* should apply to bar this action.

### STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6] Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7] Thus, although the factual allegations in a complaint need not be detailed, they

---

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly, ...* in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

"must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

*Res Judicata* is a claim preclusion doctrine that bars subsequent suits between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit.[9] In this way *res judicata* promotes finality in litigation.[10] In order to assert *res judicata* as a defense to a subsequent suit, a party must demonstrate that (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action.[11]

The Court holds that the doctrine of *res judicata* applies to the case at bar. First, it is undisputed that the United States District Court for the Western District of Tennessee is a court of competent jurisdiction where the 08-2483 complaint and the Complaint in this case both alleged violations of constitutional rights and the enforcement of those rights pursuant to 42 U.S.C. §§ 1983 and 1985. Second, the prior judgment in 08-2483 was final and on the merits. Rule 41(b) is clear that an involuntary dismissal for failure to prosecute or comply with orders of

---

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9] *Richardson v. Tennessee Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn. 1995).

[10] *Moulton v. Ford Motor Co.,* 533 S.W.2d 295, 296 (Tenn. 1976).

[11] *Lien v. Couch*, 993 S.W.2d 53, 55 -56 (Tenn. Ct. App. 1998).

the court operates as an adjudication on the merits.[12]  Third, the same parties are involved in both 08-2483 and in the case at bar.  Even though Tameka Little was the plaintiff named in 08-2483, Judge Donald held that Ashley Little and not her mother was the real party in interest.  Finally, both cases involved the same allegations and claims under sections 1983 and 1985 arising from Ashley Little's detention at Juvenile Court.  In fact, the Court finds that the allegations and remedies set forth in both complaints are identical and verbatim.  Therefore, Plaintiff's claims are now barred as *res judicata*.

## CONCLUSION

Defendants' Motion is **GRANTED** and this matter is dismissed as *res judicata*.

**IT IS SO ORDERED.**

                **s/ S. Thomas Anderson**
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

Date: August 7th, 2009.

---

[12] Fed. R. Civ. P. 41(b).